**BAO JIE CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2823–ag.

United States Court of Appeals, Second Circuit.

March 21, 2007.

Michael Brown, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, Margaret Kuehne Taylor, Attorney, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Bao Jie Chen, a native and citizen of China, seeks review of the May 17, 2006 order of the BIA denying his motion to reconsider and reopen. *In re Bao Jie Chen*, No. A70 887 357 (B.I.A. May 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34 (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001)).

██ The BIA did not abuse its discretion in denying Chen's motion. As a preliminary matter, the BIA properly construed the March 2006 motion as a motion to reopen. Although of the motion employed the language of a motion to recon-

sider, the thrust of the motion was Chen's assertion that the BIA should reopen his deportation proceedings in light of the "new or previously unavailable and undiscoverable" evidence of his compliance with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). The language of Chen's argument mirrors that found in the regulations defining motions to reopen. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was *not available and could not have been discovered or presented* at the former hearing." (emphasis added)). Moreover, the BIA correctly found that Chen's motion did not meet the standard of a motion to reconsider because it "failed to present any additional legal arguments, a change of law, or an argument or aspect of the case which was not previously considered by the Board." *See* 8 C.F.R. § 1003.2(b)(1). The motion mainly reiterated the arguments of Chen's appeal to the BIA; thus, it was not an abuse of discretion for the BIA to decline to consider them again. *See Jin Ming Liu*, 439 F.3d at 111 ("The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected.").

█ Furthermore, the BIA did not abuse its discretion in finding that Chen's motion was untimely and did not qualify for equitable tolling, of the 90–day statute of limitations applied to motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2). In a situation where ineffective assistance of counsel prevents an alien from presenting his claim, the filing deadline for motions to reopen may be equitably tolled until the ineffective assistance "'is, or should have been, discovered by a reasonable person in the situation.'" *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir.2006) (quoting *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000)). Here,

the affidavit Chen attached to his March 2006 motion stated that some time after the *in absentia* order was issued in June 1998, "[he] heard that [his] former attorney [Walker] had been convicted and sentenced to jail. Thereafter [he]. visited many attorneys [seeking] assistance," but none of them agreed to represent him because of the complexity of his case. There is no dispute that Chen knew or should have known that he had received ineffective assistance once he heard that Walker had been convicted, and subsequently began to seek out new counsel. From that point in time, in order to qualify for equitable tolling Chen was required to demonstrate that he exercised "due diligence" in pursuing his case. *Cekic*, 435 F.3d at 171 (citing *Iavorski*, 232 F.3d at 135). Although Chen claims that he "diligently searched for attorneys" before he found one to help him file a motion to reopen before the Immigration Judge in August 2005, the BIA correctly pointed out that he provided no details regarding his efforts. Chen cannot demonstrate proper due diligence over a period of seven years with nothing more than a bald assertion. *See Cekic*, 435 F.3d at 172 ("[Petitioners'] failure to show that they took any actions whatever to vindicate their rights is fatal to their petition for review.").

Whether or not Chen established a claim of ineffective assistance of counsel is moot as his failure to show due diligence renders his motion to reopen untimely. Accordingly, it was not an abuse of discretion for the BIA to deny Chen's motion. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); *Kaur*, 413 F.3d at 233–34; *see also Cekic*, 435 F.3d at 171–72.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED. Petitioner's pending request

for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).